**SARAH AMES BENEDICT, OSB #132675**
sarahbenedict@dwt.com
**DOMINIK MACKINNON, OSB #231723**
dominikmackinnon@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| KEITH CODDINGTON, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>ASANTE dba ASANTE ROGUE REGIONAL MEDICAL CENTER, a domestic nonprofit corporation,<br><br>    Defendant. | Case No. 1:25-cv-02363-CL<br><br>**RRMC'S STATUS REPORT AND DISCOVERY PLAN** |

Pursuant to Federal Rule of Civil Procedure 26(f), counsel for Plaintiff Keith Coddington ("Plaintiff") and counsel for Defendant Asante dba Asante Rogue Regional Medical Center ("RRMC") conferred on April 28, 2026. The parties reached agreement on all matters in this report except Section III, pertaining to ESI. Specifically, the parties were unable to agree on the format of ESI production, including whether metadata must be preserved. Accordingly, RRMC now submits the following Status Report and Discovery Plan for the Court's consideration:

Page 1 – RRMC'S STATUS REPORT AND DISCOVERY PLAN

## JOINT STATUS REPORT

### I.    JURISDICTION AND VENUE

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1367. The parties agree there are no issues with regard to jurisdiction and venue within the District of Oregon.

### II.    BRIEF DESCRIPTION OF CLAIMS AND DEFENSES

This is an employment dispute in which Plaintiff asserts disability discrimination and retaliation, workers' compensation discrimination and retaliation, violations of federal leave law, and wrongful discharge. RRMC denies Plaintiff's claims, denies that Plaintiff has suffered or is entitled to any damages, and asserts other defenses to Plaintiff's claims and alleged damages.

### III.    STIPULATION TO PROCEED WITH LIMITED DISCOVERY

The parties agree to bifurcate expert discovery by proceeding first with liability expert discovery, with the goal of conserving both the parties' and judicial resources by proceeding with damages expert discovery only should dispositive briefing not resolve this matter.

## RULE 26(F) LIMITED DISCOVERY PLAN

### I.    INITIAL DISCLOSURES

The parties have agreed to exchange initial disclosures pursuant to LR 26-7, by May 8, 2026, subject to a stipulated protective order.

### II.    SCOPE OF LIMITED DISCOVERY

The parties agree to limit the first phase of discovery to fact discovery on all issues and expert discovery on liability only. If the case is not resolved through dispositive briefings, the parties will proceed with damages expert discovery. The parties agree the scope of this limited discovery plan is otherwise governed by Rule 26(b).

RRMC anticipates seeking discovery on the following subjects:

- Plaintiff's employment at RRMC;

- Plaintiff's medical condition(s) and history;

Page 2 – RRMC'S STATUS REPORT AND DISCOVERY PLAN

- Plaintiff's communications relating to his employment with and about RRMC;

- Plaintiff's alleged damages and any mitigation efforts; and

- Plaintiff's allegations in his Complaint and RRMC's affirmative defenses.

## III.    ELECTRONICALLY STORED INFORMATION

The parties anticipate seeking discovery of electronically stored information (ESI) and do not anticipate the discovery of ESI to present unique or complex issues.  RRMC provides the following details pursuant to LR 26-1(2):

- RRMC represents that it has identified the hardware and software systems it uses to create and maintain ESI.

- RRMC represents that it has identified an ESI liaison as required by LR 26-1(2)(B).

- RRMC represents that it has taken steps to ensure relevant ESI has been preserved and maintained as available for retrieval and production.

- RRMC seeks the production of all ESI to be in native format, with metadata preserved.  The parties were unable to reach agreement on the format of ESI production, including whether production must preserve metadata.   For the avoidance of doubt, RRMC's position is that a document's metadata, including information about when it was created and last edited, and by whom, is valuable and relevant.

- RRMC agrees to work collaboratively according to the particular needs of each request regarding the form of request and production of ESI.

- RRMC anticipates that the scope of ESI discovery will include, but may not be limited to, any of the subjects listed in Section II above.

Page 3 – RRMC'S STATUS REPORT AND DISCOVERY PLAN

## IV.    CLAIMS OF PRIVILEGE AND PROTECTION OF CONFIDENTIALITY

The parties will address any privilege claims as they arise.  Furthermore, the parties will confer on a Protective Order.

## V.    PROPOSED CASE MANAGEMENT SCHEDULE

The parties conferred and propose the following pretrial and discovery deadlines.  If the case is not resolved at the time of the Court's rulings on dispositive motions, the parties will confer and propose deadlines for damages expert discovery, a joint ADR report, a pretrial order, and trial.

| Event | Proposed Deadline |
|---|---|
| LR 26-7 Initial Disclosures | May 8, 2026 |
| Last Day to Amend Pleadings or Join Parties | September 1, 2026 |
| Complete Fact Discovery | January 29, 2027 |
| Liability Expert Disclosures | February 26, 2027 |
| Rebuttal Liability Expert Disclosures | March 26, 2027 |
| Complete Liability Expert Discovery | April 16, 2027 |
| Dispositive Motions | May 17, 2027 |

DATED this 4th day of May, 2026.

DAVIS WRIGHT TREMAINE LLP

 */s Sarah Ames Benedict*
SARAH AMES BENEDICT, OSB #132675
sarahbenedict@dwt.com
DOMINIK MACKINNON, OSB #231723
dominikmackinnon@dwt.com
560 SW Tenth Avenue, Suite 700
Portland, Oregon 97205
Telephone: 503-241-2300

*Attorneys for Defendant RRMC*